# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS BURNISH ) | |
| ) | Case Number |
| **Plaintiff** ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| BONDED CREDIT BUREAU, ) | |
| INC. d/b/a DRS BONDED ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| **Defendant** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Doris Burnish, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Doris Burnish, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Doris Burnish, is an adult natural person residing at 9770 Avenue C, Mecosta, MI 49332.

5. Defendant, Bonded Credit Bureau, Inc. d/b/a DRS Bonded ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt with a registered office at 820 Bear Tavern Road, Trenton, New Jersey and its principal place of business located at 7745 East Kemper Road, Cincinnati OH 45249.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about October 29, 2009, Plaintiff retained the services of the law offices of Persels & Associates to aid her in the settlement of her unsecured debt.

8. On that same date, Persels & Associates sent a cease and desist letter to the Defendant to inform them of their representation of the Plaintiff and to advise them

Case 3:33-av-00001 Document 2334 Filed 12/09/09 Page 3 of 8

that the Plaintiff's sole source of income was SSI and that she has no assets that can be levied to pay her debt to Citifinancial. Persels & Associates requested that the Defendant consider writing off this debt, because collection efforts would be futile. **See Exhibit "A" (letter) attached hereto.**

9. On or about November 20, 2009, an agent of the Defendant called Plaintiff and spoke with her daughter, Laura in regards to the debt owed to Citifinancial in an amount exceeding $12,000.00. Plaintiff is elderly and in poor health.

10. Plaintiff's daughter went on to tell the Defendant's agent that they needed to contact Persels & Associates in regards to this matter. Defendant's agent took the information to call Persels & Associates and ended the call.

11. Defendant's agent called Plaintiff's daughter back about fifteen (15) minutes later and stated that she had called Persels & Associates as instructed and that they could not do anything to help her. At no time on either call did Defendant's agent give the mini-Miranda notice as required by the FDCPA.

12. During that same call Plaintiff's daughter informed Defendant's agent again that she needed to speak to her mother's attorneys' at Persels & Associates. Defendant's agent responded that Persels & Associates could not help Plaintiff with her "collateral collections". Defendant's agent said that she needed to have something to tell their client about their merchandise.

13. Defendant's agent then asked Plaintiff's daughter if her mother still lived at 9770 Avenue C and was the merchandise (furniture) that was purchased still there, so that she could inform Defendant's client of its whereabouts.

14. Plaintiff's daughter did not confirm her mother's address and asked Defendant's agent if she was making a threat. Defendant's agent said that she was not making a threat, but told Plaintiff's daughter that her mother was "stealing" because she purchased something and did not intend to pay for it. Plaintiff's daughter ended the call.

15. Defendant and their agents continue to call and demand payment on the above mentioned debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, the conduct of Defendant was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(1) | Contact of Third Party: Failed to identify themselves, or failed to state that collector is confirming or correcting location information |
| §§ 1692b(2) | Contact of Third Party: Stated that consumer owes any debt |
| §§ 1692b(3) | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692b(6) | Contact of Third Party: After knowing the consumer is represented by an attorney |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |

| | |
|---|---|
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6) | Placed telephone calls without disclosing his/her identity |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with debt collection |
| §§ 1692e(2) | Character, amount, or legal status of the alleged debt |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(11) | Communication did not contain the min-Miranda warning: "This is an attempt to collect a debt…communication is from a debt collector" |

      §§ 1692f         Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Bonded Credit Bureau, Inc. d/b/a DRS Bonded, for the following:

   a.    Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

   b.    Actual damages;

   c.    Statutory damages pursuant to 15 U.S.C. § 1692k;

   d.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

   e.    Such additional and further relief as may be appropriate or that the interests of justice require.

### V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                      **Respectfully submitted,**

                                      **WARREN & VULLINGS, LLP**

Date: December 7, 2009      BY:  */s/ Bruce K. Warren*
                                                Bruce K. Warren, Esquire

                                                */s/ Brent F. Vullings*
                                                Brent F. Vullings, Esquire

                                                Warren & Vullings, LLP
                                                1603 Rhawn Street
                                                Philadelphia, PA  19111
                                                215-745-9800   Fax 215-745-7880
                                                Attorneys' for Plaintiff